GEORGIA A. LOWE & others *vs.* ALEX. LOWE & others.

October Term, 1873.

RECEIVER—DUTY TO ACCOUNT.—It is the duty of a receiver, as an officer of the
court, to make a full report and pass his accounts at least once a year, and any
party to the cause in which he is appointed, and interested in the property or
its incomes, is entitled upon motion to have an order for such report, and a ref-
erence for an account.

*Jno. A. Campbell,* for petitioner.

THE CHANCELLOR :—On the 28th of September, 1867,
this bill was filed by the adult and unmarried children of
Alexander Lowe and Susan C., his wife, against the said
Alexander and Susan C., and their infant children, and one
married daughter and her husband, alleging, in substance,
that the mother was a lunatic and the owner of certain val-
uable real estate in Nashville, consisting of two lots with
business houses thereon, settled upon her to her sole and
separate use for life, and after her death to her children then
living, and the issue of such as may be dead, if any such there
be, and asking that the same be taken under the control of
the court, and part of it sold for the purpose of purchasing
a cheap house for their mother and her children.   Such pro-
ceedings were had in the cause, that upon an inquisition in
due form of law, the said Susan C. was found to be a lunatic,
and her property was placed under the control of the court,
and has been so held and managed since that time.   It was,
at the filing of the bill, heavily encumbered with unpaid taxes,
and in need of repairs which were made under the orders of

the court. Afterwards, the most valuable house was burned down, and has been rebuilt with the insurance money and rents, including the rents of this year, leaving still a balance of debt due to the mechanics. A sufficiency of the income has, however, been retained to support the lunatic.

In this state of affairs, Anna M. Lowe, one of the complainants, has filed her petition in the cause on the 19th of November, 1873, in which, after stating the substance of the foregoing facts, she alleges that she has been trying to find out the condition of the income and disbursements of the property, "but for want of methodical inquiry has failed, and is in the dark as to the facts; that she is informed and believes the property is by this time free from encumbrance." That she is the only one of the daughters of her mother unmarried, and is totally destitute, and dependent upon her mother for support. That her mother is at this time competent to give her consent to an advancement out of the income of the property to petitioner, and desires that such advance should be made. The prayer of the petitioner is that a reference be ordered for a full report of the incomes and disbursements of the property since the filing of the bill; that the report ascertain what will be necessary for the support of the mother, and that all the income, after paying expenses, be paid out to meet the wants of her mother's family, who are dependent; that petitioner's mother be examined as to her wishes in the premises, etc.

Under the statutes of this state, Code, § 3,709 *et seq.*, relating to the disposition of the property of persons under the disability of lunacy, the court is probably clothed with the power to make provision for the children of the lunatic, as well as for the lunatic, if the income of the property is sufficient for the purpose. See § 3,712. But in order to act understandingly it will be necessary for the court to know not only the situation of the estate, the charges upon it, and its income, but also the exact situation, age, and condition of the children. The petitioner is entitled, and would have been on motion without petition, to have the account asked

for taken. I cannot find, from the papers submitted to me, that a full and complete report of income and disbursements has ever been made. Any party to the cause might have moved for such an account, and it was the duty of the receiver, himself, as the officer of the court, to have made a full report, and passed his accounts at least once every year. In no other way can the parties know what their rights are, or the court act upon their rights understandingly.

An order will be made for a full account of the receivership to be taken instanter, upon proper notice. There will be a reference to ascertain and report the situation of the lunatic's property, the liens, if any, on it, the existing debts, the probable income for the ensuing year, and the probable charges thereon. Also what amount of the income will be needed for the comfortable support of the lunatic, whose interests must be first looked to. Also to report the ages, condition, and means of support of the children. After this is done, it will be time enough to inquire into the wishes of the lunatic, and her competency to act in the premises. Other matters reserved.